UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL PONCE GALVAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ROBERT A. HOREL, Warden<br><br>　　　　Respondent.<br>_____/ | 1:07-cv-01482 OWW SMS (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE; DENYING PETITIONER'S MOTION FOR NEXT FRIEND STATUS; AND DIRECTING PETITIONER TO FILE STATUS REPORTS<br><br>[Docs. 8, 9] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on October 11, 2007. (Court Doc. 1.) By order of October 15, 2007, the Court directed Respondent to file a response to the petition.[1] (Court Doc. 5.) On October 22, 2007, Petitioner filed a motion to stay the petition, along with a motion for leave to allow a fellow inmate to proceed as next friend status. (Court Docs. 8, 9.)

DISCUSSION

A.　　Motion For Stay And Abeyance

　　　　A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court

---

[1] A motion to dismiss is due on or before December 17, 2007, and an answer is due on or before January 18, 2008. (Court Doc. 5.)

1

1  (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th
2  Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court has held that this
3  discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996
4  (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is]
5  available only in limited circumstances" and "is only appropriate when the district court
6  determines there was good cause for the petitioner's failure to exhaust his claims first in state
7  court." Id. at 277. Even if Petitioner were to demonstrate good cause for that failure, "the district
8  court would abuse its discretion if it were to grant him a stay when his unexhausted claims are
9  plainly meritless." Id.

10      In this case, the Court finds good cause to excuse Petitioner's failure. It appears based on
11 Petitioner's calculations that he is still within the statute of limitations and has demonstrated
12 diligence in pursuing his remedies.[2] In addition, although Petitioner has previously sought post-
13 conviction collateral relief in the state courts, he contends that in preparing to file the federal
14 petition, he discovered several claims that were not previously presented and/or newly discovered
15 issues in which he promptly sought to exhaust in the state court. It appears that some of these
16 claims are ineffective assistance of counsel claims, and such claims are normally brought in
17 collateral attacks on the conviction. Furthermore, it appears that Petitioner has promptly sought
18 to exhaust these claims in the state court as a petition was filed in the Tulare County Superior
19 Court on September 14, 2007. (Attachment A, to Motion.) Therefore, the Court will grant a stay
20 of the proceedings.

21      However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S.
22 at 277. Petitioner must inform the Court no later than thirty (30) days after the date of service of
23 this order the cases that have been filed in state court, the date any cases were filed, and any
24 outcomes.[3] Further, Petitioner must proceed diligently to pursue his state court remedies and
25 must file a new status report every ninety (90) days thereafter as to the status of the state court

---

[2] By this statement, the Court is making no ruling whatsoever as the timeliness of the instant petition, as no independent review, beyond Petitioner's allegation, has been conducted by the Court.

[3] The filing should be titled: "Status Report."

1   proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30)
2   days to file a motion for leave to amend the petition to include the newly exhausted claims.
3   Failure to comply with these instructions and time allowances will result in this Court vacating
4   the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.
5     In light of the stay of the instant petition, the Court will vacate the October 15, 2007,
6   order to respond, and no response need be filed until further directed by the Court.
7   B. Motion For Next Friend Status
8     Petitioner has also requested the Court grant his application to proceed as "next friend."
9     Under Article III, a federal court cannot consider the merits of a legal claim unless the
10  person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue.
11  Whitmore v. Arkansas, 495 U.S. 149, 154, 110 S.Ct. 1717 (1990).  A litigant demonstrates
12  standing by showing that he has suffered an injury in fact that is fairly traceable to the challenged
13  action and is redressable by a favorable judicial decision.
14    The concept of "next friend" standing in habeas corpus proceedings is codified in 28
15  U.S.C. § 2242.  Section 2242 states that "[a]n application for a writ of habeas corpus shall be in
16  writing signed and verified by the person for whose relief it is intended *or* by someone acting in
17  his behalf."  28 U.S.C. §2242 (emphasis added).  Generally, a "next friend" appears in court on
18  behalf of a prisoner who is unable, usually because of mental incompetence or inaccessibility, to
19  *seek relief* for themselves. Whitmore v. Arkansas, 495 U.S. 149, 162, 110 S.Ct. 1717 (1990)
20  (emphasis added).
21    In Whitmore v. Arkansas, the United States Supreme Court recognized the concept of
22  "next friend" standing and explained that the next friend does not become a party to the action
23  but "simply *pursues* the cause on behalf of the detained person, who remains the real party in
24  interest." Id.  "Next friend" petitions have been filed in a variety of contexts in the past,
25  however, they have been utilized almost exclusively on behalf of capitally sentenced defendants.
26  See eg. Demosthenes v. Baal, 495 U.S. 731, 110 S.Ct. 2223 (1990)(*per curiam*); Lenhard v.
27  Wolff, 443 U.S. 1306, 100 S.Ct. 3 (1979); Evans v. Bennett, 440 U.S. 1301, 99 S.Ct. 1481
28  (1979); Gilmore v. Utah, 429 U.S. 1012, 975 S.Ct. 436 (1976).

1    A person only has standing to bring a "next friend" challenge to a judgment of death in
2 limited circumstances. Whitmore, 495 U.S. at 163-64. First, the "next friend" must provide an
3 adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why
4 the real party in interest cannot appear on his own behalf to prosecute the action. Id; See Brewer
5 v. Lewis, 989 F.2d 1021, 1025-26 (9th Cir. 1993) ("next friend" must prove party to be protected
6 is incompetent to assert his own rights); Wilson v. Dixon, 256 F.2d 536, 537 (9th Cir. 1958), *cert
7 denied*, ("The right of one person to sue for habeas corpus to secure the release of another . . .
8 exists only when the application or complaint for the writ sets forth 'some reason or explanation
9 satisfactory to the court showing why the detained person does not sign and verify the complaint
10 and who the 'next friend' is." (*quoting* United States ex rel. Bryant v. Houston, 273 F.915, 916
11 (2d Cir. 1921)).

12    Second, the "next friend" must be truly dedicated to the best interests of the person on
13 whose behalf he seeks to litigate. Whitmore, 495 U.S. at 163-64. It has also been suggested that
14 the "next friend" have some significant relationship with the real party in interest. Id; See Davis
15 v. Austin, 492 F. Supp. 273, 275-76 (N.D. Ga. 1980) (minister and first cousin of prisoner denied
16 "next friend"standing). The burden to establish the propriety of his status is on the proposed
17 "next friend." Whitmore, 495 U.S. at 164.

18    A third requirement sometimes expressed is that the third-party applicant not be using the
19 next friend vehicle to engage in the unauthorized practice of law. Id.; See e.g. Groseclose ex rel.
20 Harries v. Dutton, 589 F. Supp. 362 (M.D. Tenn 1984). Hence, a habeas petition must set forth
21 some reason or explanation for the need to resort to the use of a "next friend." See Weber v.
22 Garza, 570 F.2d 511, 513-14 (5th Cir. 1978). It is clear that a "next friend" may not file a petition
23 for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition.
24 Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. denied*, 495 U.S. 923 (1990).

25    Fellow inmate, Francisco Olivares, seeks leave to proceed as "next friend" for Petitioner.
26 It is alleged that Petitioner cannot read or write English which hinders his ability to litigate this
27 action, as there are only a few fellow inmates that are bilingual to assist him. Although it is
28 unfortunate that Petitioner is not literate in the English language, this barrier is present in a

majority of pro se prisoner actions, and Petitioner is no different than those litigants.  In addition, there is no showing of a significant relationship between Petitioner and fellow inmate Olivares. As such, Petitioner's motion must be DENIED.

ORDER

1. The Court's October 15, 2007, order to respond is VACATED;
2. Petitioner's motion for next friend status is DENIED;
3. Petitioner's motion to stay and hold the petition in abeyance is GRANTED;
4. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;
5. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order advising the court of the cases that have been filed in state court, the date the cases were filed, and any outcomes;
6. Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his initial status report; and
7. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

**Dated:** December 3, 2007        /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE