UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL PONCE GALVAN,<br><br>Petitioner,<br><br>v.<br><br>ROBERT A. HOREL,<br><br>Respondent. | No. 1:07-cv-01482-DAD-EPG<br><br>ORDER DENYING MOTION TO FILE LATE NOTICE OF APPEAL<br><br>(Doc. No. 43) |

Petitioner is a state prisoner who proceeded *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 29, 2010, the court denied the petition and entered judgment. (Doc. Nos. 41, 42.)

More than seven years later, on May 10, 2017, the court received from petitioner the instant motion, wherein he requests leave to file a late notice of appeal. (Doc. No. 43.) Petitioner supports his motion with his own declaration in which he states that he is unable to speak, read, or write in English, and that he is not sophisticated in the law. Petitioner also states that the inmate who had been assisting him was transferred into protective custody with petitioner's legal documents and that it took petitioner two months to retrieve his documents. The court concludes that petitioner has not established that he is entitled to the requested relief.

The time for filing a notice of appeal is 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). However, the district court may reopen the time to

1

file an appeal for a period of 14 days if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, petitioner does not allege that he did not receive notice of the entry of judgment or order denying his petition within 21 days after its entry. Rather, petitioner asserts that he could not file a timely notice of appeal due to a language barrier and lack of legal sophistication. Based on petitioner's representations, the court cannot reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.

Accordingly, petitioner's motion for leave to file a late notice of appeal (Doc. No. 43) is denied.

IT IS SO ORDERED.

Dated: **July 5, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

2